# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACEY E. TURLEY, JR., <br><br>         Plaintiff, <br><br>   v. <br><br>LOPEZ, et al., <br><br>         Defendants. | Case No.  1:23-cv-00100-BAM (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS <br><br> **FOURTEEN-DAY DEADLINE** |

      Plaintiff Macey E. Turley, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on October 31, 2022, in the United States District Court for the Southern District of California. (ECF No. 1.) The action was transferred to the Eastern District of California on January 24, 2023. (ECF No. 5.)  On March 9, 2023, the Court granted Plaintiff's motion to amend the complaint, (ECF No. 16), and Plaintiff filed a first amended complaint on March 23, 2023 (ECF No. 17).

      On June 2, 2023, the Court screened Plaintiff's first amended complaint and granted him leave to file a second amended complaint.  (ECF No. 18.)  Plaintiff's second amended complaint, filed on June 12, 2023, is currently before the Court for screening.  (ECF No. 19.)

1

**I.       Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.      Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Corcoran, where the events in the second amended complaint are alleged to have occurred. Plaintiff names the following correctional officers as defendants: Lopez, Rocha, Garcia, Coyle, and Gamboa.

Plaintiff generally contends that defendants acted with deliberate indifference and deliberately subjected a mentally ill patient to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Specifically, Plaintiff alleges that on October 6, 2022, he told Defendant Lopez that his power was out. Defendants Lopez and Coyle both have a prior history that Plaintiff has visions of his daughter being victimized and a doctor informed all the

2

correctional officers, including Defendants Lopez and Coyle, that TV and other activities would distract Plaintiff's mind. Defendants Lopez and Coyle deliberately ignored Plaintiff's plea to move or to turn his power back on for hours. Later that night, when Plaintiff's mental health got so bad that he started cutting on himself, Defendants Coyle and Lopez started taunting and making fun of Plaintiff's mental break down. Defendants Coyle and Lopez knew that Plaintiff was suffering because they both told Plaintiff to stop crying and started calling him names. Defendants Coyle and Lopez never took Plaintiff to medical when he cut on himself. Plaintiff contends that they did not care about him and his mental illness.

The next day, on October 7, 2022, Lieutenant Stanley saw the cuts on Plaintiff's arm and sent him to get a mental health evaluation. Plaintiff contends it was then that they put him on suicide watch by lying to him and telling him they were not going to do that to him. Plaintiff came back to the building expecting to go back to his cell. When he tried to go to his cell, Defendant Gamboa told Plaintiff that he was going to medical. Plaintiff told them that he was not going. Defendant Garcia told Plaintiff that he was, so Plaintiff stepped toward Defendant Garcia, and because of Defendant Garcia, Plaintiff ended up with a busted eye. Defendant Gamboa tripped Plaintiff from behind, slammed Plaintiff on his face, and busted Plaintiff's eye. Plaintiff claims that he was not a threat to anyone.

On October 8, 2022, Defendant Rocha, "showing out in front of a female c/o," threatened Plaintiff's safety by saying he was going to swell Plaintiff's eye. Defendant Rocha put Plaintiff's life in danger by saying over the tier that Plaintiff was an "SNY inmate" when that statement was not true. Plaintiff further alleges that Defendant Rocha yelled this over the tier so other inmates could hear and he could get Plaintiff hurt or killed. Plaintiff claims this "messed with" his mental health.

As relief, Plaintiff seeks compensatory and punitive damages, along with staff retraining.

**III.    Discussion**

**A.    Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be

3

>subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Although Plaintiff mentions Defendant Garcia in his second amended complaint, Plaintiff fails to allege that Defendant Garcia acted or failed to act such that it resulted in a deprivation of Plaintiff's constitutional rights. At best, Plaintiff alleges a short conversation with Defendant Garcia. Despite being provided with the relevant standard, Plaintiff has failed to cure this deficiency. The Court will therefore recommend dismissal of Plaintiff's claim(s) against Defendant Garcia, with prejudice.

### B. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not allege a claim for deliberate indifference to serious medical needs against Defendants Coyle and Lopez while also alleging a claim for excessive force on a different day against Defendant Gamboa. Merely because the events all occurred while Plaintiff was housed at California State Prison, Corcoran does not make every injury or incident related. If unrelated claims are joined, then the Court will select which cognizable claim may proceed and will recommend that any other improperly joined cognizable claim(s) be dismissed without prejudice, subject to refiling as a separate action.

### C. Eighth Amendment

#### 1. Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).

At the pleading stage, the Court finds that Plaintiff states a cognizable claim for deliberate indifference to serious medical needs against Defendants Coyle and Lopez. The Court will recommend that the action proceed on this claim.

### 2. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury ... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley*, 475 U.S. at 1085).

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Gamboa for allegedly tripping him and slamming him to the ground, causing him injury. However, Plaintiff's allegations against Defendant Gamboa are not properly joined with his claim against Defendants

Coyle and Lopez. The Court will therefore recommend that the excessive force claim against Defendant Gamboa be dismissed without prejudice as improperly joined under Federal Rules of Civil Procedure 18 and 20. Plaintiff will not be precluded from refiling this claim against Defendant Gamboa in a separate action.

### 3. Verbal Harassment

Plaintiff's allegations of taunting, laughing, or threats of harm do not rise to level of a constitutional violation. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (concluding prisoner's allegations of threats allegedly made by guards failed to state a cause of action). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092). Plaintiff's amended complaint does not include allegations that are "unusually gross" necessary to support a cause of action.

### 4. Deliberate Indifference to Safety

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer*, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See id.* at 835.

Plaintiff alleges that Defendant Rocha put Plaintiff's life in danger by saying over the tier that Plaintiff was an "SNY inmate" when that statement was not true. Plaintiff further alleges that Defendant Rocha yelled this over the tier so other inmates could hear and he could get Plaintiff hurt or killed. Plaintiff's allegations that he was at risk of harm by Defendant Rocha's statement are too speculative to state a cognizable claim, particularly as Plaintiff does not allege that any inmates overheard the comment, that he was attacked or threatened with attack, or that Defendant Rocha knew of any threat to Plaintiff's safety. *See, e.g.*, *Dixon v. Lavin*, 234 F. App'x 814, 815 (9th Cir. 2007) (plaintiff's allegation "he would be at risk when returned to a general population yard if other inmates learned he had been on a Special Needs Yard [was] too speculative to support a claim that defendants were deliberately indifferent to his safety when they recommended he be placed on the SNY."). Plaintiff has been unable to cure the deficiencies in this claim despite being provided with the relevant pleading standard. The Court will therefore recommend that this claim be dismissed with prejudice for failure to state a cognizable claim.

### D. Fourteenth Amendment Due Process Claim

Plaintiff contends that custody staff subjected him to cruel and unusual punishment in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. However, Plaintiff cannot state claim for cruel and unusual punishment under the Fourteenth Amendment because he was a convicted inmate housed at California State Prison, Corcoran at the time of the alleged events. "Inmates who sue prison officials for injuries suffered while in

custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016).

To the extent Plaintiff is attempting to pursue an independent due process claim arising under the Fourteenth Amendment, his allegations provide no indication that he suffered any such violation. Indeed, Plaintiff's allegations are insufficient for the Court to determine the nature of any Fourteenth Amendment claim. Plaintiff has failed to cure these deficiencies despite being provided with the relevant pleading standard. The Court will therefore recommend that Plaintiff's Fourteenth Amendment claim be dismissed with prejudice.

### IV.     Conclusion and Recommendations

The Court finds that Plaintiff's second amended complaint states a cognizable claim for deliberate indifference to medical needs in violation of the Eighth Amendment against Defendants Coyle and Lopez and a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Gamboa. Because these claims are improperly joined pursuant to Federal Rules of Civil Procedure 18 and 20, the Court will recommend that this action proceed on the deliberate indifference claim against Defendants Coyle and Lopez and that the excessive force claim against Defendant Gamboa be dismissed without prejudice subject to refiling in a separate action. The Court also will recommend that all other claims and defendants be dismissed with prejudice for failure to state a cognizable claim for relief.

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's second amended complaint against Defendants Coyle and Lopez for deliberate indifference to medical needs in violation of the Eighth Amendment;
2. Plaintiff's claim for excessive force in violation of the Eighth Amendment against Defendant Gamboa be dismissed without prejudice as improperly joined under Federal Rules of Civil Procedure 18 and 20, subject to refiling in a separate action;

9

and

3. All other claims and defendants be dismissed with prejudice for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2023**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE